UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YUNG HSING GER, | Case No.: 12-CV-04612-LHK |
| Plaintiff, | |
| v. | ORDER REMANDING CASE |
| SAFEWAY, INC., | |
| Defendant. | |

Before the Court is a Motion to Remand for lack of subject matter jurisdiction filed *pro se* by Yung Hsing Ger ("Plaintiff"). ECF No. 9 ("Mot."). Defendant Safeway, Inc. ("Safeway") filed a timely opposition. *See* ECF No. 11 ("Opp'n"). Plaintiff did not file a reply. Having reviewed the parties' submissions and the relevant law, the Court concludes that it lacks jurisdiction over this matter, and therefore GRANTS Plaintiff's Motion to Remand.

**I.     BACKGROUND**

Plaintiff filed a complaint alleging workplace discrimination and harassment against Defendant in the California Superior Court for the County of Santa Clara. ECF No. 1, Ex. A ("Compl."). Plaintiff alleges wrongful termination from her job as a food clerk because of being 53 years old, blind in one eye, and Chinese. *Id.* On September 4, 2012, Safeway removed this action to federal court, asserting federal question jurisdiction. *See* ECF No. 1 ("Notice of

1

Removal") at 2. The case was reassigned to the undersigned judge on September 12, 2012. ECF No. 7.

## II. LEGAL STANDARDS AND DISCUSSION

A suit may be removed from state court to federal court only if the federal court would have had original subject matter jurisdiction over the claims. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Consequently, "[t]he defendant bears the burden of establishing that removal is proper," *id.*, and "any doubt about the right of removal requires resolution in favor of remand," *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### A. Federal Question Jurisdiction

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal pursuant to Section 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (stating that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.").

"A resulting corollary to the well-pleaded complaint rule, known as the complete preemption doctrine, provides that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Moore-Thomas*, 553 F.3d at 1243 (internal quotation marks and citations omitted). "[I]f a federal cause of

action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 1243–44 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 (1983)).

Finally, "[e]ven where . . . state law creates the cause of action, and no federal law completely preempts it, federal jurisdiction may still lie if 'it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (quoting *Franchise Tax Bd.*, 463 U.S. at 13).

### B. Plaintiffs' Complaint

Defendant construes Plaintiff's complaint to allege a violation of Title VII of the Civil Rights Act, and on this basis asserts that this Court has federal question jurisdiction. *See* Opp'n at 3. The Court disagrees.

First, the face of Plaintiff's complaint does not present a federal question. *See Caterpillar, Inc.*, 482 U.S. at 392. In fact, Plaintiff's complaint does not specifically assert any particular statutory entitlement for the relief she seeks. *See* Compl. 1–3. Plaintiff's complaint certainly does not mention Title VII of the Civil Rights Act. Rather, Plaintiff merely alleges wrongful termination from her job as a food clerk because of being 53 years old, blind in one eye, and Chinese. *See* Compl. at 2-3. While Plaintiff's claims might constitute a claim under Title VII, they also might constitute a claim under California's Fair Employment and Housing Act (FEHA), which makes it "unlawful" for an employer to terminate a person from employment "because of [her] . . . national origin, ancestry, physical disability, mental disability, medical condition, . . . [or] age. . . ." Cal. Gov. Code § 12940(a). Therefore, the face of Plaintiff's complaint does not clearly present a federal question.

Second, "that the same facts could have been the basis for a Title VII claim does not make [Plaintiff's] wrongful termination claim into a federal cause of action." *Rains*, 80 F.3d at 344. Nor does the fact that Plaintiff "secured a 'Right to Sue' letter from the EEOC, a federal agency," as noted by Safeway, *see* Opp'n at 3, transform Plaintiff's complaint into one raising a federal question. Under the well-pleaded complaint rule, a plaintiff is the master of her own complaint;

3

12-CV-04612-LHK
ORDER REMANDING CASE

"she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392; *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North R. Co. v. Alexander,* 246 U.S. 276, 282 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case").  When a complaint does "not set forth the statutory basis for a particular claim . . . defendants are obligated to ascertain, through discovery or otherwise, whether plaintiff intends to proceed under the alternative federal statute and if so, may then remove." Schwarzer, Tashima, & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 2:2565 (Rutter Group 2012).  Defendants do not appear to have made such an inquiry in this case.  Nonetheless, in Plaintiff's Motion to Remand, Plaintiff states explicitly that she "wishe[s] to proceed according to state law." Mot. at 3.  Therefore, Safeway need search no further to ascertain Plaintiff's intentions.

As Defendant concedes, "[h]ad plaintiff only plead state law causes of action, this matter would be properly heard by the state court." Mot. at 3.  Given that "pro se pleadings are held to a less stringent standard than those drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the Court sees no reason to punish Plaintiff simply because she did not clearly disavow her intention to bring a Title VII claim in her complaint.

Of course, "a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to h[er] claim, or by casting in state law terms a claim that can be made only under federal law.'" *Rains*, 80 F.3d at 344 (quoting *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984).  However, Plaintiff's complaint is not necessarily federal in character because Title VII "does not preempt the state law claim for wrongful termination." *Rains*, 80 F.3d at 345.  Furthermore, "Title VII is not a 'necessary element' of [Plaintiff's] state law claims because state law independently espouses the same public policy established by Title VII." *Rains*, 80 F.3d at 345; *see also id.* at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

4

12-CV-04612-LHK
ORDER REMANDING CASE

Therefore, given that nothing in Plaintiff's complaint clearly states a federal claim, Plaintiff has made clear that she wishes to proceed in state court rather than federal court, and Title VII neither preempts California law nor constitutes an essential element of Plaintiff's claim, Safeway has failed to establish that removal is proper. *See Moore-Thomas*, 553 F.3d at 1244 ("any doubt about the right of removal requires resolution in favor of remand") (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). As the Ninth Circuit noted in *Rains*, a case also involving an employee who brought a California state court action for wrongful termination that was remanded after Defendants-Appellees sought to remove it to federal court, "[t]o conclude otherwise would make it difficult, if not impossible, to bring an action for wrongful termination in violation of public policy in California state courts without being subject to removal to federal court whenever a state policy is similar to a federal policy." *Rains*, 80 F.3d at 347.

### C. CONCLUSION

Safeway has not carried its burden of establishing federal jurisdiction. Accordingly, Plaintiff's Motion to Remand this matter to the Superior Court for the County of Monterey is GRANTED.

**IT IS SO ORDERED.**

Dated: January 9, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge